[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (#178.50) REGARDING COMMUNICATIONS TO MR. THOMAS ARRIGONI
This litigation arises from a construction project in Middletown, Connecticut; the plaintiff-owner of the project alleges that the defendants failed to fulfill their obligations under the construction contract. After the disagreement between the parties arose, several other entities were hired to complete the work, including Mr. Thomas Arrigoni ("Arrigoni"). In August CT Page 1971 or September of 1998, the plaintiff's attorney arranged a meeting in which a Tricon representative, its attorney, Arrigoni, Mr. Tom Hebert and Mr. George Lapadula met to discuss the project and the litigation. Arrigoni, Hebert and Lapadula were all involved in the completion of the project and are experienced in construction. Tricon and its attorney wished to retain Arrigoni, Hebert and Lapadula as litigation consultants and/or experts for the litigation. Hebert and Lapadula were in fact retained by plaintiff as consultants/experts for this litigation. Although he too was tendered a proposed retention agreement, Arrigoni has declined to serve as an expert for the plaintiff.
The defendants on October 19, 1999 deposed Arrigoni in connection with this litigation. During the deposition, counsel for the defendants questioned Arrigoni concerning the meeting between Arrigoni and the plaintiff's attorney. The plaintiff's attorney objected to the line of inquiry, claiming attorney-client privilege. The plaintiff seeks a protective order to prevent such questioning; the defendants oppose the motion for protective order and claim the questions. Arrigoni has never been formally retained to serve as either a consultant or expert for the plaintiff.
Connecticut law recognizes that the attorney-client privilege applies to communications between an attorney and its agents necessary for proper representation of the attorney's clients.Olson v. Accessory Controls and Equipment Corp. ,54 Conn. App. 506, 521, 735 A.2d 881
(1999), State v. Toste, 178 Conn. 626,424 A.2d 293 (1979), State v. Egan, 37 Conn. App. 213,655 A.2d 802, cert. denied, 234 Conn. 905, 659 A.2d 1206 (1995). Thus, if Arrigoni had in fact been retained as a litigation consultant, then the communication at the August-September 1998 meeting indeed would be subject to the privilege. The plaintiff argues that even though Arrigoni may not have been retained formally as a consultant or expert, their belief that he was serving in that capacity is sufficient to invoke the privilege. See Grace v. Center for Auto Safety, 72 F.3rd 1236, [72 F.3d 1236], (6th Cir. 1996); Westinghouse ElectricCorp. v. Kerr-McGee Corp. , 580 F.2d 1311, [580 F.2d 1311], 1319 (7th Cir. 1978); see also C. McCormick, Evidence § 88 (4th Ed. 1992). The defendants, on the other hand, argue that an objective test based upon the totality of the circumstances, rather than on the plaintiff's subjective expectation, must be applied to determine whether the privilege CT Page 1972 is applicable. Ageloff v. Noranda, Inc., 936 F. Sup. 72 (D.R.I. 1996), R.I. Depositors Economic Protection Corp. v. Hayes, 64 F.3rd 22, [64 F.3d 22], 27 (1St Cir. 1995),Sheinkopf v. Stone, 927 F.2d 1259, [927 F.2d 1259], 1260 (1st Cir. 1991).[1]
There is no Connecticut authority or even second circuit authority governing whether the subjective or objective test is controlling under these circumstances. This court, however, is satisfied that even when the more stringent objective test is applied in this instance, the totality of circumstances would mandate that the conversations between the plaintiff's counsel and Arrigoni that occurred between August, 1998 and October 19, 1999 are subject to the attorney-client privilege.
Accordingly, the motion for protective order (#178.50) is granted with respect to any conversations had between Arrigoni and the plaintiff's attorney between August, 1998 and October 19, 1999.
Robert F. Mcweeny, J.